

GEORGIA M. PESTANA
*Acting Corporation Counsel*

THE CITY OF NEW YORK
**LAW DEPARTMENT**
100 CHURCH STREET
NEW YORK, N.Y. 10007

COREY S. SHOOCK
*Senior Counsel*
phone: (212) 356-5051
cshoock@law.nyc.gov

October 25, 2019

**BY ECF**
Honorable Vera M. Scanlon
United States Magistrate Judge
United States District Court
Eastern District of New York
225 Cadman Plaza East
Brooklyn, New York 11201

      Re:    Kenneth V. Iacone, Sr. v. 123rd Precinct, et al.
               19 Civ. 3859 (KAM) (VMS)

Your Honor:

      I am a Senior Counsel in the Office of Georgia M. Pestana, Acting Corporation Counsel of the City of New York ("the Office"), and the attorney assigned to the above-referenced case. This Office writes to respectfully request guidance from the Court with respect to the Court's Order dated October 16, 2019. See ECF No. 14.

      As the Court is aware, on October 15, 2019, this Office, as attorney for the City of New York ("the City"), applied to this Court for, *inter alia*, relief of any obligation to respond to the complaint as the City is not a party to this action. See ECF No. 13. Moreover, as no individual defendants have yet been added to the complaint nor have any individual defendants been served with a summons and complaint, this Office cannot undertake representation of them. See ECF No. 13. Therefore, this Office lacks standing to respond to the complaint. See ECF No. 13.

      While the Court granted this Office's request in the alternative for an enlargement, the Court's October 16th Order instructed all "Defendants" to respond to the complaint, but did not address: (1) the City's position as a non-party; (2) this Office's lack of standing to respond to the complaint on the grounds stated in the October 15th application; or (3) the lack of service of process on any individual defendant, should any be deemed added as a party. See ECF No. 14. In the interests of clarity, this Office respectfully requests that this Court revisit this Office's October 15th application to resolve those outstanding issues.

      Additionally, the text of the Court's October 16th Order specifies that the conference now scheduled for December 11, 2019 is a telephonic conference, however, the

Initial Conference Order attached thereto directs all attorneys and *pro se* parties to appear for the conference in person. See ECF No. 14. When this Office conferred with *pro se* Plaintiff by telephone on October 15, 2019, Plaintiff indicated that he expected to remain incarcerated in his current facility for another approximately four to five months from that date. Accordingly, this Office requests clarification as to the manner in which the conference is to proceed, if at all, after Your Honor rules on the outstanding issues raised herein.

In conclusion, this Office respectfully requests guidance from the Court as to how to interpret the Court's Order, dated October 16, 2019, and to resolve the issues of standing raised in its October 15th application.

This Office thanks the Court for its attention to this matter.

Respectfully submitted,

Corey S. Shoock
*Senior Counsel*
Special Federal Litigation Division

cc: Kenneth V. Iacone, Sr. (By Mail)
*Plaintiff Pro Se*
SBI #567990B
Southern State Prison
Unit 3, R, C 5-B
4295 Route 47
Delmont, New Jersey 083114