UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------------------------- x

KENNETH V. IACONE, SR., MC#154549,

                                      Plaintiff,

-against-

123rd POLICE STATION; POLICE OFFICER
CUADROS, SHIELD NO. 20548; POLICE OFFICER
ZIELINSKI, SHIELD NO. 12893,[1]

                                      Defendants.

------------------------------------------------------------------------- x

**ANSWER TO THE COMPLAINT BY DEFENDANTS CUADROS AND ZIELINSKI**

19 Civ. 3859 (KAM)(VMS)

**JURY TRIAL DEMANDED**

        Defendants Police Officer Cuadros and Police Officer Zielinski, by their attorney James E. Johnson, Corporation Counsel of the City of New York, for their Answer to the Complaint, respectfully allege as follows:

        1.     Deny knowledge and information sufficient to form a belief as to the truth of the allegations set forth in Section "I" of the Complaint on pages 1 and 3,[2] entitled "Previous Lawsuits," except admit that Plaintiff purports to state that Plaintiff has not begun other lawsuits in state or federal court dealing with the same facts underlying the instant action.

        2.     Deny the allegations set forth in Section "II" of the Complaint on page 3, entitled "Place of Present Confinement," except admit that Plaintiff purports to proceed as stated therein and that charges against Plaintiff arising from his arrest on October 31, 2018 were dismissed, and deny knowledge and information sufficient to form a belief as to the truth of the allegations that at the time of the filing of the Complaint Plaintiff was incarcerated in New Jersey, and further deny knowledge and information sufficient to form a belief as it relates to any grievance

---

[1] By Order dated October 30, 2019, Police Officers Cuadros and Zielinski were deemed added to the caption.

[2] The pages referred to herein correspond to the ECF pagination of Docket Entry No. 1.

procedure applicable to Plaintiff, and further deny knowledge and information sufficient to form a belief as to whether Plaintiff contacted the New York City Police Department Internal Affairs Bureau to make a civilian complaint.

3. Deny the allegations set forth in Section "III" of the Complaint on page 5, entitled "Parties," except admit that Plaintiff purports to identify the parties and their services addresses as stated therein.

4. Section "IV" of the Complaint on page 6, entitled "Statement of Claim," does not contain averments of fact, and therefore no response is required.

5. Deny the allegations set forth in Paragraph "1" of page 7 of the Complaint, except admit that on October 31, 2018, Plaintiff was a passenger in a vehicle that was the subject of a traffic stop conducted by members of the New York City Police Department ("NYPD") assigned to the 123rd Precinct in Staten Island, New York.

6. Deny the allegations set forth in Paragraph "2" of page 7 of the Complaint, except admit that Scott Herman was seated in the driver's seat, that Anthony Del Negro was seated in the front passenger's seat, that Plaintiff was seated in the driver's side rear passenger's seat, and that Paul DePatie was seated in the passenger's side rear passenger's seat.

7. Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph "3" of page 7 of the Complaint.

8. Deny the allegations set forth in Paragraph "4" of page 7 of the Complaint.

9. Deny the allegations set forth in Paragraph "5" of page 7 of the Complaint, except admit that upon information and belief on October 31, 2018, a helicopter appeared overhead during the traffic stop of the vehicle in which Plaintiff was a passenger.

10. Deny the allegations set forth in Paragraph "6" of page 7 of the Complaint, except admit that on October 31, 2018, Plaintiff, Scott Herman, Anthony Del Negro, and Paul DePatie were transported to the 123rd Precinct and were searched prior to being lodged in a holding cell.

11. Deny the allegations set forth in Paragraph "7" of page 7 of the Complaint, except admit that on October 31, 2018 defendant Cuadros was asked what Plaintiff was being charged with and that Plaintiff requested to speak with a supervisor.

12. Deny the allegations set forth in Paragraph "8" of page 8 of the Complaint, except admit that upon information and belief, on October 31, 2018, Paul DePatie exited the vehicle from the passenger's side rear seat, and that a knife was recovered from the floor of the rear passenger compartment of that vehicle.

13. Deny the allegations set forth in Paragraph "9" of page 8 of the Complaint, except deny knowledge and information sufficient to form a belief as to the truth of the allegation regarding who acknowledged ownership of a knife recovered from the vehicle on October 31, 2018.

14. Deny the allegations set forth in Paragraph "10" of page 8 of the Complaint, except admit that on October 31, 2018, Plaintiff, Scott Herman, Anthony Del Negro, and Paul DePatie were transported to the 120th Precinct, that a sergeant at the 120th Precinct refused to take custody of plaintiff, Scott Herman, Anthony Del Negro, and Paul DePatie, whereupon Plaintiff, Scott Herman, Anthony Del Negro, and Paul DePatie were transported to Richmond County Criminal Court.

15. Deny the allegations set forth in Paragraph "11" of page 8 of the Complaint, except admit that on October 31, 2018, Plaintiff, Scott Herman, Anthony Del Negro, and Paul DePatie were lodged in a holding cell at Richmond County Criminal Court.

16. Deny the allegations set forth in Paragraph "12" of pages 8 and 9 of the Complaint, except deny knowledge or information sufficient to form a belief as to the truth of the allegations of the identity of the attorney who communicated to Plaintiff what was communicated on October 31, 2018, and admit that on October 31, 2018, the District Attorney's Office charged Scott Herman with Disorderly Conduct, Paul DePatie with criminal possession of a knife and Criminal Possession of a Controlled Substance in the Seventh Degree, and Plaintiff with criminal possession of a knife and Criminal Possession of a Controlled Substance in the Seventh Degree.

17. Deny the allegations set forth in Paragraph "13" of pages 9 and 10 of the Complaint, except deny knowledge and information sufficient to form a belief as to the truth of the allegations regarding what was discussed at the criminal proceedings on October 31, 2018, except admit that, upon information and belief, Plaintiff failed to appear for his scheduled appearance in Richmond County Criminal Court after October 31, 2018, because he was incarcerated at that time because of another case.

18. Deny knowledge and information sufficient to form a belief as to the truth of the allegations set forth in Paragraph "14" of page 10 of the Complaint.

19. Deny knowledge and information sufficient to form a belief as to the truth of the allegations set forth in Paragraph "15" of page 10 of the Complaint.

20. Deny knowledge and information sufficient to form a belief as to the truth of the allegations set forth in Paragraph "16" of page 10 of the Complaint, except admit that upon information and belief on December 27, 2018, Lt. Rogan and Sgt. Regina were assigned to the Integrity Control Office of the 123rd Precinct, and that the telephone numbers listed are associated with that the 123rd Precinct.

21. Deny knowledge and information sufficient to form a belief as to the truth of the allegations set forth in Paragraph "17" of page 10 of the Complaint, except admit that upon information and belief on January 3, 2019, plaintiff was incarcerated.

22. Deny knowledge and information sufficient to form a belief as to the truth of the allegations set forth in Paragraph "18" of page 11 of the Complaint, except admit that upon information and belief, on January 8, 2019, Sgt. Regina was assigned to the Integrity Control Office of the 123rd Precinct.

23. Deny knowledge and information sufficient to form a belief as to the truth of the allegations set forth in Paragraph "19" of page 11 of the Complaint, except admit that on January 9, 2019, Lt. Pizzo was assigned to the 123rd Precinct, and that the 123rd Precinct is located at the address listed on the Complaint.

24. Deny the allegations set forth in Paragraph "20" of page 11 of the Complaint, except admit that upon information and belief, during the week of January 14, 2019, Lt. Pizzo was assigned to the 123rd Precinct.

25. Deny knowledge and information sufficient to form a belief as to the truth of the allegations set forth in Paragraph "21" of page 12 of the Complaint.

26. Deny knowledge and information sufficient to form a belief as to the truth of the allegations set forth in Paragraph "22" of page 12 of the Complaint.

27. Deny knowledge and information sufficient to form a belief as to the truth of the allegations set forth in Paragraph "23" of page 12 of the Complaint.

28. Deny knowledge and information sufficient to form a belief as to the truth of the allegations set forth in Paragraph "24" of page 12 of the Complaint.

29.     Deny knowledge and information sufficient to form a belief as to the truth of the allegations set forth in Paragraph "25" of page 12 of the Complaint, except admit that charges resulting from Plaintiff's arrest on October 31, 2018 were dismissed.

30.     Deny knowledge and information sufficient to form a belief as to the truth of the allegations set forth in Paragraph "26" of page 12 of the Complaint.

31.     Deny knowledge and information sufficient form a belief as to the truth of the allegations set forth in Paragraph "27" of page 12 of the Complaint and refer the Court to a letter purportedly signed by a "Paul Depattie" which is annexed to the Complaint at page 27, except admit that plaintiff and Paul DePatie were charged with criminal possession of a knife and criminal possession of a controlled substance in regard to their October 31, 2018 arrest.

32.     Deny knowledge and information sufficient to form a belief as to the truth of the allegations set forth in Paragraph "28" of page 12 of the Complaint.[3]

33.     Deny the allegations set forth on page 36 of the Complaint, except admit that Plaintiff purports to seek the relief set forth therein.[4]

### FIRST AFFIRMATIVE DEFENSE:

34.     The Complaint fails to state a claim upon which relief can be granted because plaintiff was arrested and prosecuted pursuant to probable cause, any search was incident to lawful arrest, and any use of force was reasonable under the circumstances.

### SECOND AFFIRMATIVE DEFENSE:

35.     Defendants have not violated any rights, privileges, or immunities under the Constitution or laws of the United States or the State of New York or any political subdivision

---

[3] Pages 13 through 35 of the Complaint are document attachments rather than factual pleadings and therefore no response is required.

[4] Pages 37 and 38 of the Complaint are document attachments rather than factual pleadings and therefore no response is required.

thereof nor have defendants violated any acts of Congress providing for the protection of civil rights because there was probable cause to arrest and detain Plaintiff.

### THIRD AFFIRMATIVE DEFENSE:

36. The 123rd Police Station is not an entity which can be sued pursuant to the New York City Charter.

### FOURTH AFFIRMATIVE DEFENSE:

37. At all times relevant to the acts alleged in the Complaint, the individual defendants acted reasonably in the proper and lawful exercise of their discretion, as it was reasonable to believe that on October 31, 2018 plaintiff violated sections of the New York Penal Law which gave rise to probable cause to arrest him.

### FIFTH AFFIRMATIVE DEFENSE

38. To the extent Plaintiff asserts a state law claim, plaintiff may have failed to comply with New York General Municipal Law §§ 50(e), *et seq*. because he did not file a sufficient or timely notice of claim.

### SIXTH AFFIRMATIVE DEFENSE

39. To the extent Plaintiff asserts a state law claim, Plaintiff's claims are barred, in part, by the applicable statute of limitations because he did not file a sufficient or timely notice of claim.

### SEVENTH AFFIRMATIVE DEFENSE

40. Defendants have not violated any clearly established constitutional or statutory right of which a reasonable person would have known and therefore is protected by qualified immunity, as plaintiff's arrest and prosecution were supported by, at a minimum, arguable probable cause to believe plaintiff violated sections of the New York Penal Law on October 31, 2018.

## EIGHTH AFFIRMATIVE DEFENSE

41. Any injury alleged to have been sustained resulted from plaintiffs' own culpable or negligent conduct, or that of a third-party, and was not the proximate result of any act of defendants because on October 31, 2018, any force used by Defendants was *de minimus*, reasonable under the circumstances, and/ or incident to Plaintiff's lawful arrest.

**WHEREFORE,** defendants Police Officer Cuadros and Police Officer Zielinski request judgment dismissing the Complaint in its entirety, together with the costs and disbursements of this action, and such other and further relief as the Court may deem just and proper.

Dated: New York, New York
       December 5, 2019

**JAMES E. JOHNSON**
Corporation Counsel of the City of New York
*Attorney for Defendants Cuadros and Zielinski*
100 Church Street, 3rd Floor
New York, New York 10007
(212) 356-5051

By: _____
Corey S. Shoock
*Senior Counsel*
Special Federal Litigation Division

To: Kenneth V. Iacone, Sr. (By U.S. Mail)
*Plaintiff Pro Se*
SBI #567990B
Southern State Prison
Unit 3, R, C 5-B
4295 Route 47
Delmont, New Jersey 083114

19 Civ. 3859 (KAM)(VMS)

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

KENNETH V. IACONE, SR., MC#154549,

Plaintiff,

-against-

123rd POLICE STATION; POLICE OFFICER CUADROS, SHIELD NO. 20548; POLICE OFFICER ZIELINSKI, SHIELD NO. 12893,

Defendants.

**ANSWER TO THE COMPLAINT BY DEFENDANTS CUADROS AND ZIELINSKI**

**JAMES E. JOHNSON**
Corporation Counsel of the City of New York
*Attorney for Defendants Cuadros and Zielinski*
100 Church Street
New York, New York 10007
Of Counsel: Corey S. Shoock
Tel: (212) 356-5051

*Due and timely service is hereby admitted.*

*New York, N.Y.* ............................................................., *2019*

............................................................................... *Esq.*

*Attorney for*...............................................................